UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTAEUS  ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01634-SEB-DML |
| | ) | |
| VINCENT STANLEY, | ) | |
| A.  SMITH, | ) | |
| HENDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Antaeus Anderson brings this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to unconstitutional conditions of confinement while he was incarcerated at the Pendleton Correctional Facility ("Pendleton"). Specifically, Anderson claims that on September 17, 2015, and September 24, 2015, Defendants Smith and Henderson did not properly execute an extermination order during dormitory visits and that Defendant Stanley did not properly oversee them. Arguing that Anderson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), the defendants move for summary judgment on Anderson's claims. Anderson has responded and the defendants have replied. For the following reasons, the motion for summary judgment [Dkt. 46] is **granted**.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## II. Undisputed Facts

Anderson was incarcerated at Pendleton during the dates of the alleged incidents, September 17-24, 2015. Anderson is no longer incarcerated there.

There is a grievance program in place at Pendleton that was in place during the time that Anderson alleges that his rights were violated. Indiana Department of Correction ("IDOC") Policy and Administrative Procedure 00-02-301, Offender Grievance Process, is the policy governing the grievance procedure and details how an offender must exhaust his administrative remedies using that procedure. The Offender Grievance Process was amended on April 5, 2015. This amendment altered the grievance forms, among other parts of the process. Copies of the Offender Grievance Process and Grievance Forms are readily available to offenders from his assigned Counselor, Case Manager, or Unit Team.

Under the Offender Grievance Process, inmates can submit grievances over the actions of individual correctional officers and other staff, the manner in which those persons apply DOC's

policies, procedures, or rules, and any other concerns or issues that relate to the conditions of care or supervision. The Grievance Process includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the level one grievance. Exhaustion of the Grievance Process requires the submission of a formal grievance and the filing of an appeal to the final step of the Grievance Process. If an inmate does not receive a response from staff in accordance with the established time frames, he is entitled to move to the next stage of the process.

Anderson alleges in his Complaint that on September 17, 2015, and September 24, 2015, his cell was excessively infested with insects and defendants Smith and Henderson failed to properly exterminate those insects. He further alleges that Defendant Stanley failed to properly oversee these individuals.

Prior to the incidents alleged in the Complaint, Anderson submitted a formal grievance form dated September 7, 2015, and received on September 15, 2015. However, this grievance was returned to him unfiled because: (1) he provided an incident date of "June 2015 and prior" which meant that the grievance was submitted too late without showing good reason for the delay, (2) he did not provide the required form demonstrating that he tried to resolve the complaint informally, and (3) he did not provide a specific enough incident date as he indicated the incident occurred on "June 2015 and prior."

On October 15, 2015, Anderson filed his complaint. As of March 31, 2016, Anderson has failed to submit a grievance, formal or otherwise, nor pursue the grievance process through appeal, regarding the alleged incidents in his Complaint on September 17 and 24, 2015. The computer records and hard copy files kept by IDOC would indicate when an offender has filed a grievance,

the responses he received, how far through the Grievance Process he pursued his claims, and the ultimate resolution of the grievance. There are no records showing that Anderson properly filed any grievances relating to the incidents alleged in his Complaint.

### III. Discussion

The defendants argue that they are entitled to summary judgment because Anderson did not exhaust his available administrative remedies before filing this lawsuit. Anderson responds that he has attempted to exhaust his administrative remedies, but that his attempts "have been obstructed by staff of the said facility; (by threatening, lying, and general abuse of authority) and this is effectively a conspiracy." He also states that "all excessive and unnecessary denials of these attempted remedies are based on minute requirements and technicalities, leaving the most important issue (in this case) health and safety/sanitary conditioning of housing unit(s), an abstract punishment or treatment."

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v.*

*Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendants have submitted competent evidence that Anderson did not exhaust his available administrative remedies with regard to his claims before filing this lawsuit. In other words, Anderson did not file an acceptable formal grievance or grievance appeal as required by the Grievance Process. Anderson did attempt to submit a formal grievance on September 7, 2015, before the dates referenced in the complaint, but this grievance form was returned to him for noncompliance with the Grievance Process. Instead of properly following the Grievance Procedure after the incident alleged occurred, he filed this lawsuit on October 15, 2015. There is no evidence that Anderson could not have re-filed his grievance related to his allegations of insect infestation on September 17, 2015 and September 24, 2015, before he filed the lawsuit.

Anderson responds that he attempted to exhaust his available administrative remedies and that those attempts have been obstructed. In support of these arguments, he submits the grievance filed on September 7, 2015, the return of that grievance, a grievance appeal, and a memo returning the grievance appeal explaining that his appeal had been rejected because his initial grievance had not been accepted and logged. These arguments and evidence are insufficient to rebut the evidence presented by the defendants that Anderson failed to exhaust his available administrative remedies. First, Anderson has presented no evidence or argument that he submitted any grievance *after* the acts at issue, which as alleged in the complaint took place on September 17, 2015, and September 24, 2015, and *before* his complaint was filed on October 15, 2015. 42 U.S.C. § 1997e(a). *See*

*Porter,* 534 U.S. at 524-25.  Next, to the extent that Anderson argues that he did attempt to exhaust the claims in his complaint and those attempts at exhaustion were thwarted, he is correct that a grievance procedure may become "unavailable" for purposes of the PLRA. But Anderson has not provided any specific, competent evidence that his attempts at exhaustion were frustrated. His conclusory statements are insufficient. *See Albiero v. City of Kankakee,* 246 F.3d 927, 933-34 (7th Cir. 2001) (noting that conclusory statements are insufficient to survive summary judgment). Further, to the extent he argues that the rejection of his grievance amounts to thwarting of his efforts to exhaust the grievance process, this did not make that Process unavailable to him. *See Dale,* 376 F.3d at 655 (exhaustion requires submitting grievances in the time, place, and manner required by the grievance policy). Finally, Anderson submits informal grievances filed in November of 2015, but those were filed after this complaint was filed and there is no evidence that Anderson attempted to pursue those informal grievances through the entire grievance process.

In short, the defendants have met their burden of proving that Anderson "had available remedies that she did not utilize." *Dale,* 376 F.3d at 656. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Anderson's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the motion for summary judgment [dkt. 46] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/28/2016

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

ANTAEUS ANDERSON
166285
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

All electronically registered counsel